# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DEMONTA EADY and DEBORAH EVANS,

    Plaintiffs,

v.                                         Case No. 3:17-cv-1008-J-32PDB

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____

## **O R D E R**

This case is before the Court on Plaintiffs' Unopposed Motion to Stay Pending FCC Ruling. (Doc. 44). Defendant filed a response. (Doc. 45). Plaintiffs request that the Court stay the case until the earlier of (1) February 1, 2019, or (2) the issuance of an anticipated declaratory ruling and order from the Federal Communications Commission ("FCC") on the Telephone Consumer Protection Act ("TCPA"). Plaintiffs state that the forthcoming FCC declaratory ruling and order regarding the scope of the "automatic telephone dialing system" ("ATDS") definition in light of ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687 (D.C. Cir. 2018) will increase the likelihood that the Court is aided by FCC guidance on this critical issue. Further, Plaintiffs expect that that the FCC will (1) affirm that a predictive dialer meets the ATDS definition, (2) clarify what other types of automated dialing technologies meet the ATDS definition, and (3) explain what amount of human involvement is (and is not) sufficient

to bring dialing equipment outside of the ATDS definition. Although Defendant does not believe a stay is necessary, it does not oppose this motion. (Doc. 45).

Upon due consideration, it is hereby

**ORDERED:**

1. Plaintiffs' Unopposed Motion to Stay Pending FCC Ruling (Doc. 44) is **GRANTED**.

2. The case is **STAYED** pending the FCC's declaratory ruling and order regarding the scope of the ATDS definition in light of <u>ACA International</u>—or until **February 1, 2019**—whichever is earlier.

3. The parties shall notify the Court of the FCC's ruling within three weeks of the ruling and order. The notice shall state how the ruling impacts the parties' positions and shall jointly propose new case management deadlines. If the FCC has not issued a ruling by February 1, 2019, the parties shall notify the Court and jointly propose how the case should proceed.

4. The deadlines set in the Court's endorsed order (Doc. 42) are **VACATED**, to be reset as appropriate.

5. The Clerk shall administratively close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of August, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record